IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

SERGIO MARQUEZ-MENDOZA          §
                                §
VS.                             §      CIVIL NO.4:09-CV-216-Y
                                §      (Criminal No.4:06-CR-031-Y)
UNITED STATES OF AMERICA        §

ORDER RESOLVING MOTION FOR RELIEF UNDER 28 U.S.C. § 2255
(With special instructions to the clerk of Court)

Now pending before the Court is defendant Sergio Marquez-Mendoza's motion for relief under 28 U.S.C. § 2255. The government has filed a response, and Marquez-Mendoza has since filed a motion for leave to amend and supplement his § 2255 motion. The government did not respond to the motion for leave. The Court has reviewed the motion for leave and the proposed supplement and, as it appears the claims relate back to those already asserted, the Court will grant the motion for leave and consider the attached "Supplemental Amendment to § 2255 Motion" as a supplement to the § 2255 motion.

After careful consideration and review of defendant Marquez-Mendoza's motion under § 2255 as supplemented, the government's response, and the applicable law, and after an examination of the file and record of this case, the Court concludes that the § 2255 motion must be dismissed, in part, and denied, for the reasons stated by the government and as set forth here.

Marquez-Mendoza seeks relief under 28 U.S.C. § 2255 on the following grounds: (1) he received ineffective assistance of counsel at sentencing because counsel failed to provide the Court with the necessary information for him to receive a lesser

sentence; (2) he received ineffective assistance of counsel because counsel did not take the time to research grounds for a departure from the guideline sentence or provide adequate advice concerning an agreement not to indict him:[1] (3) this Court failed to be impartial and was biased against him at his revocation proceeding because it failed to consider mitigating reasons for the offense; (4) the imposition of his original term of supervised release was beyond the statutory maximum; and (5) the advisory sentence length at the revocation proceeding was incorrectly calculated.

As a result of his plea of guilty to one count of illegal reentry after deportation, in violation of 8 U.S.C. §§ 1326(1) and (b)(2) and 6 U.S.C. §§ 202 and 537, Marquez-Mendoza was originally sentenced to 37 months' imprisonment. After the government conceded that a prior misdemeanor assault was not an "aggravated felony" under USSG § 2L1.2(b)(1)(C) and that an eight-level enhancement was not warranted, the Court resentenced Marquez-Mendoza, on March 13, 2007, to 15 months' imprisonment and a three-year term of supervised release. Soon after, Marquez-Mendoza was released to supervision. But after the filing of a petition to revoke, Marquez-Mendoza was found to have violated the terms of supervised release, whereupon his supervised release was revoked and he was sentenced to a term of 24 months' imprisonment in a judgment

---

[1] Although not listed as a separate ground for relief, to the extent Marquez-Mendoza alleges that counsel "advised him not to appeal," the Court will address this allegation as if it were a claim of ineffective assistance of counsel.

entered March 18, 2008.  Marquez-Mendoza asserts claims in this §
2255 proceeding against both judgments.

With regard to Marquez-Mendoza's ground 4 challenging the
original term of supervised release as beyond the statutory
maximum, such claim is filed beyond the applicable limitations
provision. Title 28 U.S.C. § 2255(f) provides that:

> A 1-year period of limitation shall apply to a motion
> under [§ 2255].  The limitation period shall run from the
> latest of--
>
> (1) the date on which the judgment of conviction
> becomes final;
>
> (2) the date on which the impediment to making a
> motion created by governmental action in violation of the
> Constitution or laws of the United Sates is removed, if
> the movant was prevented from making a motion by such
> governmental action;
>
> (3) the date on which the right asserted was
> initially recognized by the Supreme Court, if that right
> has been newly recognized by the Supreme Court and made
> retroactively applicable to cases on collateral review;
> or
> (4) the date on which the facts supporting the claim
> or claims presented could have been discovered through
> the exercise of due diligence.[2]

The Court entered the amended judgment of conviction against
Marquez-Mendoza on March 13, 2007.  Marquez-Mendoza did not file a
notice of appeal, so his judgment of conviction became final ten
days after entry of the judgment, or on March 27, 2007.[3]  Thus,

---

[2] 28 U.S.C.A. § 2255(f)(1)-(4)(West Supp. 2009).

[3] *See* FED R. CRIM P. 45(a)(2)(directive to exclude Saturdays and Sundays when
a period is less than 11 days).

under 28 U.S.C. §2255(1), Marquez-Mendoza had one year, or through March 27, 2008,[4] to timely file a § 2255 motion as to that judgment. As Marquez-Mendoza's motion under § 2255 was constructively filed in this Court on March 19, 2009,[5] his challenge to the underlying conviction is too late and will be dismissed.

With regard to Marquez-Mendoza's ground 3, that this Court failed to be impartial and consider the reasons for committing the violations made the basis of the revocation proceeding in balance with the factors enunciated in 18 U.S.C. § 3553, Marquez-Mendoza is procedurally barred from raising such claim as it was not raised in this Court or on direct appeal. The Supreme Court has emphasized repeatedly that a "collateral challenge may not do service for an

---

[4]*See Flanagan v. Johnson,* 154 F.3d 196, 201-02 (5th Cir. 1998)(applying the directive in Federal Rule of Civil Procedure 6(a) regarding not counting the day of an act or event in computing a time period, to the computation of the AEDPA one-year limitation period).

[5]A pro se prisoner's habeas-corpus petition is constructively filed, for the purposes of the AEDPA, when the prisoner delivers the papers to prison authorities for mailing to the district court ("the mailbox rule"). *United States v. Patterson,* 211 F.3d 927, 930 (5th Cir. 2000)(2255), *citing Spotville v. Cain,* 149 F.3d 374, 378 (5th Cir. 1998)(2254); *see also Sonnier v. Johnson,* 161 F.3d 941, 944-45 (5th Cir. 1998). Marquez-Mendoza dated his motion on March 19, 2009, and thus that is the earliest date on which this § 2255 motion could be deemed filed under the mailbox rule. As noted by the government, the envelope containing the § 2255 motion was not post-marked until April 14, 2009. The Court, however, has not been presented with any evidence, such as a mail log, or the declaration of any Bureau of Prisons mailroom official, to enable it to make a finding regarding when Marquez-Mendoza's § 2255 motion was actually delivered to prison officials. Thus, the Court does not have sufficient information to make a determination regarding the timeliness of the later claims challenging the 2008 judgment revoking Marquez-Mendoza's supervised release.

appeal."[6] As the Court of Appeals for the Fifth Circuit has observed:

> After conviction and exhaustion or waiver of any right to appeal, "we are entitled to presume that [the defendant] stands fairly and finally convicted." [*Frady*] at 164. A defendant can challenge his conviction after it is presumed final only on issues of constitutional or jurisdictional magnitude, *Hill v. United States,* 368 U.S. 424, 428(1962), and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default, and "actual prejudice" resulting from the error. *Frady*, 456 U.S. at 168. This cause and actual prejudice standard presents "a significantly higher hurdle" than the "plain error" standard that we apply on direct appeal. *Id.* at 166. We apply this rigorous standard in order to ensure that final judgments command respect and that their binding effect does not last only until "the next in a series of endless postconviction collateral attacks." *Id.* at 165-66. A defendant must meet this cause and actual prejudice test even when he alleges a fundamental constitutional error.[7]

Marquez-Mendoza has shown no reason for his failure to raise his ground 3 in this Court or on direct appeal from this Court's revocation and imposition of sentence. Thus, he has not shown cause for his procedural default. Even to the extent Marquez-Mendoza's veiled allegation that counsel was ineffective regarding the filing of an appeal satisfies cause, he has not shown prejudice for the reasons noted by the government: i.e., his claims are conclusory, the Court did consider the reasons he reentered the United States, and the Court noted its reasons for imposing the sentence. Thus,

---

[6]*United States v. Frady*, 456 U.S. 152, 165 (1982).

[7]*United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991), *cert. den'd,* 502 U.S. 1076 (1992).

ground 3 is dismissed as barred from consideration on collateral review.

Ground 5, as listed for the first time in the supplement to the § 2255 motion, is that the Court was presented with the incorrect sentencing range at the revocation proceeding. A review of the Protect Act Supervised Release Report prepared for the revocation proceedings in this matter reveals that the range presented to the Court was 8-24 months, even though the appropriate range for a Grade B violation and a criminal history category of V is 18-24 months. But that the low end of the sentencing range was inaccurately stated had no bearing on this Court's sentence calculation, as the Court determined the maximum sentence was required. In assessing the 24 months' sentence, this Court noted that Marquez-Mendoza had a lengthy criminal history including:

> [A]ssault, bodily injury to a family member in 1996. Assault causing bodily injury in 1996. Assault causing bodily injury in 1996 again. Driving while intoxicated in '98. Assault causing bodily injury, family member in 1999 . . . . Assault causing bodily injury to a family member in 2001. Failure to ID, false and fictitious information in 2005. Theft of property in 2006, and then, of course, the illegal re-entry. Consequently, the Court is not inclined to grant leniency to Mr. Marquez. He was an illegal alien who persists in returning to the country and committing crimes when he gets here. So it is the judgment of the Court that Sergio Marquez-Mendoza, in case number 4:06-CR-031-Y, be committed to the custody of the Federal bureau of Prisons for a term of 24 months pursuant to sentencing guideline - - pardon me, pursuant to 18 United States Code, Section 3583(e)(3). Mr. Marquez-Mendoza has re-entered the United States illegally on two different occasions. The sentence of the statutory maximum of 24 months is intended to serve as punishment and deterrence from further criminal

activity. (March 17, 2008, Sentencing Transcript[8] at 17-
18.)

Sergio Marquez Mendoza's ground 5 is without merit and must be
denied.

Marquez-Mendoza's remaining claims are for ineffective
assistance of counsel. The now-familiar, two-pronged standard for
review of ineffective-assistance-of-counsel claims was set forth
by the Supreme Court in *Strickland v. Washington,* 466 U.S. 668
(1984):

> First, the defendant must show that counsel's performance
> was deficient. This requires showing that counsel made
> errors so serious that counsel was not functioning as the
> 'counsel' guaranteed the defendant by the Sixth
> Amendment. Second, the defendant must show that the
> deficient performance prejudiced the defense. This
> requires showing that counsel's errors were so serious as
> to deprive the defendant of a fair trial, a trial whose
> result is reliable. Unless a defendant makes both
> showings, it cannot be said that the conviction or death
> sentence resulted from a breakdown in the adversary
> process that renders the result unreliable.[9]

The burden is upon the defendant to show that his counsel's
representation fell below an objective standard of reasonableness
by identifying acts or omissions of counsel "that are alleged not
to have been the result of reasonable professional judgment."[10] A
district court then determines whether, "in light of all the
circumstances, the identified acts or omissions were outside the

---

[8]The redacted transcript of the March 17, 2008, sentencing proceeding was
filed and docketed as item 35 in *United States v. Marquez-Mendoza*, No.4:08-CR-
075-1. For purposes of review, a copy of that transcript should also be
electronically filed on the docket of this § 2255 proceeding, and the clerk of
Court is directed to enter a copy of the transcript on the docket of this action.

[9]*Strickland,* 466 U.S. at 687.

[10]*Id.* at 690.

wide range of professionally competent assistance."[11]   There is a strong presumption that the performance of counsel "falls within the wide range of reasonable professional assistance."[12] A defendant must also affirmatively prove prejudice by showing that a particular error of counsel actually had an adverse effect on the defense, an adverse effect being shown, in turn, by demonstrating a "reasonable probability that, but for the counsel's unprofessional errors, the result of the proceeding would have been different."[13]

The Court has reviewed Marquez-Mendoza's claims that counsel was ineffective, and concludes that he has not shown that counsel's conduct was deficient, nor has he shown a reasonable probability that the outcome of the revocation proceeding would have been different, for the reasons stated in the government's response at pages 5-7.

To the extent Marquez-Mendoza asserts a challenge that counsel was ineffective for failing to file a notice of appeal, this analysis is controlled by *Roe v. Flores-Ortega.*[14]   There, the Supreme Court applied the *Strickland* deficiency-and-prejudice test to the context of a claim of ineffectiveness on the basis of an alleged failure to file a notice of appeal. The deficiency inquiry involves a determination of whether

---

[11]*Id.*

[12]*United States v. Samuels,* 59 F.3d 526, 529 (5th Cir. 1995); *see also King v. Lynaugh,* 868 F.2d 1400, 1405 (5th Cir.), *cert den'd,* 489 U.S. 1093 (1989).

[13]*Strickland,* at 694 (general discussion at pp. 691-695).

[14]528 U.S. 470 (2000).

[C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.[15]

Marquez-Mendoza has provided no argument to support either prong of this test. He does not claim that he asked his counsel to file a notice of appeal, he merely recites that "my attorney advised me that I should not appeal the Court decision," and "that because the government has not charged him with a new re-entry charge that he should not appeal." (§ 2255 Motion at 6,8,9; Supplement at 2.) Marquez-Mendoza, however, expressly signed, on the date of sentencing, March 17, 2008, a Notice of Right to Appeal Sentence Imposed, which advised him of his right to appeal and the requirement that any notice of appeal be filed within ten days. (March 17, 2008, Notice of Right to Appeal, docket no. 60.) He does not state any efforts by him to actually request counsel to take any action within those 10 days.  Thus, counsel was not deficient in failing to file a notice of appeal in this case. As such, any claim of ineffective assistance on the basis of a failure to file a notice of appeal must be denied.

Therefore, the motion for leave to amend or supplement (docket no. 10) is GRANTED, and the clerk of Court is directed to file the document attached to the motion for leave entitled "Supplemental

---

[15]*Flores-Ortega,* 528 U.S. at 480.

9

Amendment to § 2255 Motion," and docket it as a supplement to the § 2255 motion.

Sergio Marquez-Mendoza's motion for relief under 28 U.S.C. § 2255, ground 4 (his original term of supervised release was beyond the statutory maximum) is DISMISSED WITH PREJUDICE; the remainder of the § 2255 motion, as supplemented, is DENIED.

SIGNED October 22, 2009.

_Terry R. Means_

TERRY R. MEANS
UNITED STATES DISTRICT JUDGE